# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**DONALD LEE REAVES**  **PETITIONER**
Reg. #31551-001

VS. No. 2:24-CV-00177-BSM-ERE

**CHAD GARRETT, Warden,**
**FCI-Forrest City**  **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this RD without independently reviewing the record.

## I.    Background

On September 23, 2024, Petitioner Donald Lee Reaves, a Bureau of Prisons ("BOP") inmate then incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"),[1] filed a petition for writ of habeas corpus under 28

---

[1] In January 2015, a jury in the United States District Court for the Northern District of Alabama found Mr. Reaves guilty of being a felon in possession of a firearm, and he was sentenced to serve 192 months in the BOP. *Doc. 6-2 at 10; Doc. 6-3*. On April 11, 2016, the Eleventh Circuit

U.S.C. § 2241, alleging that the BOP failed to accurately calculate and apply his time credits in violation of the First Step Act ("FSA") and the Second Chance Act, which delayed his placement in prerelease custody. For relief, he asked the Court to order the BOP to immediately transfer him to prerelease custody.

On December 16, 2024, Respondent filed a response, asserting that the petition should be dismissed for failure to exhaust administrative remedies[2] and lack of subject matter jurisdiction. *Doc. 6*.

On December 7, 2024, the Court gave Mr. Reaves until December 31, 2024 to file a reply addressing Respondent's arguments. *Doc. 7*. As of the date of this RD, Mr. Reaves has not filed a reply.

On March 14, 2025, at the Court's direction (*Doc. 7*), Respondent filed an update regarding Mr. Reaves' facility assignment and the declaration of BOP Residential Reentry Management ("RRM") Specialist Alfredo Malespini. *Docs. 9, 9-1*. Mr. Malespini reports that on January 15, 2015, Mr. Reaves was transferred to the BOP RRM Office in Montgomery, Alabama for placement in prerelease custody. *Doc. 9-1 at 1*. Mr. Malespini further reports that on March 12, 2025, Mr. Reaves

---

affirmed Mr. Reaves' conviction and sentence. *United States v. Reaves*, 647 F. App'x 942 (11th Cir. 2016.

[2] A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). The undisputed record shows that Mr. Reaves failed to exhaust his administrative remedies before filing his petition, and he does not contend that exhaustion was futile in his case. However, I recommend dismissal on the threshold question of subject matter jurisdiction.

was placed in the Clay County, Alabama Jail as a disciplinary sanction. *Id. at 2*. Mr. Malespini anticipates that Mr. Reaves' prerelease placement will be terminated for disciplinary reasons and failure to participate in work, and he will be transferred back to FCI-FC or another BOP prison. *Id*.

Respondent reasserts the bases for dismissal asserted in the response and adds that because Mr. Reaves received the relief he requested, his petition is now moot. *Doc. 9 at 2*.

For reasons that follow, the petition should be dismissed without prejudice for lack of federal habeas jurisdiction.

**II.     Discussion**

    **A.     Federal Habeas Jurisdiction is Lacking**

With no details provided, Mr. Reaves challenges the BOP's "calculations of his earned credits for prerelease custody." *Doc. 1 at 1*. For relief, he asks only that the Court order the BOP to apply his earned time credits and place him in prerelease custody. *Id. at 2*.

Article III of the United States Constitution limits the judicial power of the federal courts to cases and controversies, and a dispute becomes moot, ceasing to present a live case or controversy, when an intervening event prevents the court from granting effective relief. *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 790–91 (8th Cir. 2018) (noting that generally, a claim is moot when "changed

3

circumstances already provide the requested relief and eliminate the need for court action"); *Miller v. Whitehead*, 527 F.3d 752, 754 (8th Cir. 2008) (dismissing as moot appeals by inmates seeking placement in prerelease custody when the BOP placed the inmates in residential reentry centers).

After filing his petition, Mr. Reaves received the relief he sought, transfer to prerelease custody, and his claim is likely moot. Even assuming that the mootness doctrine does not apply because Mr. Reaves will likely return to FCI-FC or another BOP prison, federal habeas jurisdiction is lacking.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "If the prisoner is not challenging the validity of his conviction or the length of his detention . . . , then a writ of habeas corpus is not the proper remedy." *Id.*; see also *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (reaffirming that a writ of habeas corpus is not available where petitioner does not challenge his conviction or length of sentence).

Mr. Reaves seeks placement in prerelease custody, which includes placement in home confinement or a residential reentry center, also known as a halfway house, or a community correctional facility. 18 U.S.C. § 3624(g)(2)(A)-(B). Placement in pre-release custody changes only the *place* where a sentence is served; it does not alter the fact or duration of imprisonment. See *United States v. Houck*, 2 F.4th 1082,

1085 (8th Cir. 2021) (treating placement in home confinement as changing an inmate's "place of imprisonment"); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (noting the BOP's agreement that community correctional facilities are places of imprisonment); 18 U.S.C. § 3624(c) (stating that the Director of the BOP shall, to the extent practicable, ensure that a prisoner serve a portion of the final months of his term of imprisonment in prerelease custody under conditions that afford reasonable opportunity to adjust and prepare for reentry into the community).

In sum, if Mr. Reaves were granted the relief he seeks, it would not change the fact or duration of his detention. Accordingly, federal habeas jurisdiction is lacking.[3] *Fongers v. Garrett*, No. 2:24-cv-00046 LPR/PSH, 2024 WL 3625237, at *2 (E.D. Ark. Aug. 1, 2024) (recommending dismissal for lack of subject matter jurisdiction where petitioner sought placement in prerelease custody), *RD adopted*, 2024 WL 4652193 (E.D. Ark. Nov. 1, 2024); *Wessels v. Houden*, No. 23-CV-1266 WMW/ECW, 2023 WL 7169154, at *1 (D. Minn. June 22, 2023) (recommending dismissal of habeas petition seeking immediate transfer to prerelease custody for

---

[3] In earlier cases, the Eighth Circuit entertained § 2241 petitions where the petitioner sought placement in prerelease custody. See *Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004); *Fults v. Sanders,* 442 F.3d 1088, 1090–91 (8th Cir. 2006). However, habeas jurisdiction was not addressed in those cases, and the Eighth Circuit has since made clear that federal habeas jurisdiction is lacking where the petitioner challenges the conditions of confinement, not the validity of his conviction or length of his sentence. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).

lack of federal habeas jurisdiction), *RD adopted*, 2023 WL 7168926 (D. Minn. Oct. 31, 2023).

### B.  No Potentially Viable Conditions-of-Confinement Claim

The Eighth Circuit has held that a *pro se* habeas petitioner raising a "potentially viable" conditions-of-confinement claim should receive an opportunity to pursue that claim if he so chooses. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014).  To the extent that Mr. Reaves challenges the conditions of his confinement by attacking the place of his confinement, he fails to raise a potentially viable claim.

It is well established that prisoners have no protected liberty interest in assignment to a particular place of confinement. See *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)); see also *Staszak v. Romine,* 221 F.3d 1344 (8th Cir. 2000) (holding halfway house placement and participation in a work release program did not provide "the sort of substantial freedom that gives rise to a liberty interest inherent in the Due Process Clause"). In addition, Mr. Reaves alleges no facts indicating that the BOP's placement decisions in his case were made for invidious or retaliatory reasons or otherwise gives rise to a constitutional claim.

Mr. Reaves fails to raise a potentially viable claim challenging his conditions of his confinement.  Accordingly, if this action were converted to one seeking relief for unlawful conditions of confinement, Mr. Reaves' complaint would be subject to

6

dismissal upon screening. *See* 28 U.S.C. § 1915A (requiring (1) screening of a civil complaint where "a prisoner seeks redress from a governmental entity or officer" and (2) dismissal of any portion of a complaint that is frivolous, malicious, or fails to state a claim on which relief can be granted).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED that Mr. Reaves' petition for a writ of habeas corpus (*Doc. 1*) be DISMISSED, WITHOUT PREJUDICE, for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that the Court dismiss this action without providing Mr. Reaves the option of converting his habeas petition to a complaint challenging his conditions of confinement.

Dated 21 March 2025.

_____
UNITED STATES MAGISTRATE JUDGE